JOHANNA KELLY, ADMINISTRATRIX, vs. COURT R. F. PHELAN, No. 122, FORESTERS OF AMERICA.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The by-laws of a fraternal benefit association defined a member in good financial standing as one who did not owe the association, for fines, dues, or assessments, " or anything else that may be charged against him as dues," an amount equal to six months' dues, and made the member's ledger account evidence of such standing. *Held*, in a suit by the beneficiary of a deceased member, that an actual indebtedness of the decedent to the association charged against him on his ledger account might be added to his unpaid dues in determining his good financial standing, although his indebtedness was incurred through a breach of his agreement in relation to the distribution of lottery tickets issued in connection with a fair given by the association.

Argued April 12th—decided June 9th, 1905.

ACTION to recover the amount of a death benefit, brought to and tried by the District Court of Waterbury, *Cowell, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *Error and judgment reversed.*

*William F. Delaney* and *Frank A. Hagarty*, for the appellant (defendant).

*Terrence F. Carmody*, with whom was *Lucien F. Burpee*, for the appellee (plaintiff).

HAMERSLEY, J. The defendant is an unincorporated, voluntary association, of which James F. Kelly, the plaintiff's intestate, became a member in 1898, and is a "subordinate court" of the "Foresters of America," and for sometime past has been a member of the "Funeral Fund" of the "Grand Court of Connecticut, Foresters of America." Kelly died on February 15th, 1904, and this action is brought by his administratrix to recover the amount of a death benefit claimed to be payable by the defendant under and in pursuance of its by-laws, which are made a part of the complaint.

It is alleged by the complaint that Kelly at the time of his death was a member of the defendant association in good financial standing, and this allegation is denied by the answer. It is apparent upon the pleadings and finding that if the plaintiff, upon the trial, established this alleged fact, she is entitled to judgment, and that if she failed to establish this fact the defendant is entitled to judgment. The trial court reached the conclusion that the plaintiff had established this fact, and states in the finding the subordinate facts from which this conclusion is drawn. The appellant claims that an opposite conclusion is the only legal inference from the facts found, and that the conclusion of the court was plainly induced by some error in law. This claim, stated in different forms, constitutes the principal error assigned in the appeal, and the only one which need be considered.

The material facts found by the court are as follows: The defendant's by-laws define a member in good financial standing in the subordinate court as one who "does not owe to the subordinate court for fines, dues, or assessments, or anything else that may be charged against him as dues, an

amount equal to six months' dues," and make the members' ledger account at the time of and previous to his death evidence of his financial standing.    On February 9th, 1904, and thence until his death, there was charged against Kelly in his ledger account an indebtedness for unpaid dues in the sum of $3.75, and a further indebtedness of $1, making an indebtedness to the court of $4.75, which was an amount more than equal to six months' dues.    On said February 9th Kelly was actually indebted to the court in said sum of $4.75 so charged against him, and on that day was precluded from membership in the defendant association on the claim that he owed said association a sum which equalled more than six months' dues. In 1902 the defendant joined with others in giving a fair, at which fair there was a drawing.    Numbered tickets for the fair and drawing were issued, which entitled the purchaser and holder of each ticket to any prize the number on his ticket might draw.    Prior to the fair these tickets were distributed by the defendant among its members.    A book of these tickets was received by Kelly for the purpose of selling the tickets on behalf of and for the benefit of the defendant. It was part of the understanding upon which Kelly received this book of tickets, that he should account to the defendant at a price named for any tickets he might sell and by a return of all tickets unsold.    He did not return to the defendant said tickets or any of them, and did not pay the defendant for them or any of them.    On account of this failure, the defendant subsequently, in 1902, charged against Kelly in his ledger account the sum of $1, of which Kelly had notice.    This charge of $1 is the same as the charge of $1 in Kelly's ledger account on February 9th, 1904, and Kelly was then indebted to the defendant for the sum so charged.    The drawing at the fair was a lottery and the tickets mentioned were lottery tickets.

These facts, being all the material facts, necessarily disprove the plaintiff's allegation that her intestate at the time of his death was a member of the defendant association in good financial standing.    Apparently the trial court was of the opinion that the fact that the drawing at the fair was

technically a lottery, in some way entitled the plaintiff to recover, notwithstanding her intestate had, as the court finds, been precluded from membership and was not a member of the defendant association at the time of his death. It is not quite clear on what ground the trial court gave this legal effect to the fact of a lottery, but whatever may be the ground, the conclusion is erroneous.

There is error; the judgment of the District Court of Waterbury is reversed, and the cause is remanded with direction to the District Court to render judgment for the defendant.

In this opinion the other judges concurred.